**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

**REINERYS OSCAR MESA PERAZA,** )
)
**Petitioner,** )
)
**v.** ) **Case No. CIV-26-490-G**
)
**MARKWAYNE MULLIN,** )
**Secretary, et al.,** )
)
**Respondents.** )

**ORDER**

Petitioner Reinerys Oscar Mesa Peraza filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). Respondents have filed an Answer (Doc. No. 10), to which Petitioner filed a Reply (Doc. No. 12).[1]

*I. Background and Petitioner's Claims*

Petitioner is a native and citizen of Cuba who entered the United States on or about May 19, 2023, "after receiving authorization to travel from [the Department of Homeland Security ("DHS")] under the Cuban parole process." Pet. ¶¶ 1, 22; *see id.* Ex. 1 (Doc. No. 1-1) at 43. Petitioner was issued an I-94 (Doc. No. 10-2) and granted parole into the United States until May 17, 2025, pursuant to 8 U.S.C. § 1182(d)(5). *Id.*; Answer at 20.

[1] Respondents are: Todd Blanche, U.S. Attorney General; Markwayne Mullin, U.S. Secretary of Homeland Security; David Venturella, Acting Director of ICE; and Robert Cerna, ICE Dallas Field Office Director of Enforcement and Removal Operations.

In January 2026, Petitioner was arrested in Texas for driving while intoxicated. Doc. No. 10-1, at 3. On January 6, 2026, DHS issued a warrant and Notice to Appear, charging Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). *See* Answer; Doc. Nos. 10-3, 10-4. On July 7, 2026, an Immigration Judge ordered Petitioner to be removed; Petitioner's appeal of the removal remains pending. *See* EOIR Automated Case Info., https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 27, 2026).

Petitioner remains detained in ICE custody at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. ¶ 16. He has not been provided a bond hearing. *Id.* ¶ 3.

Petitioner claims that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See* Pet. ¶¶ 3-4; 8 U.S.C. § 1226(a)(2)(A) (prescribing that a noncitizen may be "release[d]" on bond "with security approved by, and containing conditions prescribed by, the Attorney General"). Petitioner argues that Respondents' detention of him violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., applicable federal regulations, the Fourth and Fifth Amendments, and the "retroactivity doctrine." Pet. ¶¶ 123-135. Petitioner seeks habeas relief in the form of an individualized bond hearing or immediate release from detention. *Id.* at 60-11.

## *II. Discussion*

### *A. The Court's Jurisdiction*

Respondents first argue that Petitioner's habeas arguments are "jurisdictionally barred" because they attempt to challenge the termination of Petitioner's parole and other

decisions that are within DHS' purview. Answer at 23-27 (citing 8 U.S.C. § 1252(a)(2)(B)(ii), (g)).

The Court finds no jurisdictional impediment here. Petitioner challenges not the termination of his parole or the removal decision but the legality of his arrest and continued detention. A district court may issue a writ of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004); *see also Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *1 (W.D. Okla. July 23, 2026) ("Petitioner challenges the statutory basis for his detention, an issue this Court and many others have determined is properly before the federal district court.").

*B. The Inapplicability of 8 U.S.C. § 1225(b)(1)*

"Generally, 8 U.S.C. § 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Bello Rodriguez v. Diamondback Installation Dir.*, No. CIV-26-1188-D, 2026 WL 2364679, at *1 (W.D. Okla. Aug. 14, 2026) (internal quotation marks omitted). "In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing." *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).")).

Section 1225 provides in relevant part that, "[i]f an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible . . . , the officer

shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). An individual detained as inadmissible upon inspection at the border can be paroled into the United States, however, "'for urgent humanitarian reasons or significant public benefit.'" *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)). Such parole "shall not be regarded as an admission of the alien," "and when the purposes of such parole shall . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled." 8 U.S.C. § 1182(d)(5)(A). "[T]hereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*

Next, Respondents argue that Petitioner may properly be detained without a hearing because he previously was on parole. More specifically, Respondent's Answer contends that Petitioner is lawfully detained under § 1225(b)(1) because, upon termination of his parole, Petitioner was subject to detention pursuant to that statute as an "applicant for admission." 8 U.S.C. § 1182(d)(5)(A); *see* Answer at 21-24.

The Court "declines to engage in lengthy analysis" on this point. *Shamyrzaev v. Gantt*, No. CIV-26-1118-J, 2026 WL 2447156, at *2 (W.D. Okla. Aug. 20, 2026). Multiple judges of this Court, and "many others . . . nationwide," have rejected this argument, instead concluding "parole under 8 U.S.C. § 1182(d)(5) does not, by itself, revert [the petitioner's] status back to that of an arriving alien." *Id.*; *Bello Rodriguez*, 2026 WL 2364679, at *1 (internal quotation marks omitted); *accord Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026). The Court concurs with

these decisions, as § 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States *who have not been admitted or paroled*." *Rafibaev v. Noem*, No. 26-cv-00461, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) (emphasis added) (internal quotation marks omitted).

"Having determined that Petitioner's status does not revert to that of an arriving alien under § 1225(b)(1), Petitioner's re-detention is governed by 8 U.S.C. 1226(a)." *Bello Rodriguez*, 2026 WL 2364679, at *2; *accord Shamyrzaev*, 2026 WL 2447156, at *2 (finding detention of noncitizen who was "permitted to reside in the interior of the country several months past the expiration of his parole" and "complied with the conditions of his release before being re-detained" was "most naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of 8 U.S.C. § 1226(a)"). Accordingly, Petitioner "is due the process provided by § 1226(a), including an individualized bond hearing." *Sukuev*, 2026 WL 2323188, at *2; *see Santillan Quiroz*, 180 F.4th at 1237, 1251 n.13.[2]

*III. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 61.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for*

[2] Because the Court finds that habeas relief is warranted on this basis, the Court need not address Petitioner's other claims. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

*cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's Motion (Doc. No. 6) is DENIED as moot;

3. Petitioner's remaining claims for relief are DISMISSED without prejudice; and

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 3rd day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge